FILED IN CHAMBERS
U.S.D.C. Rome

AUG 0 8 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 3Q TECHNOLOGIES, LTD., and 3dMD, LLC, | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 1:05-CV-2454-RLV |
| CANFIELD SCIENTIFIC, INC., and SURFACE IMAGING INTERNATIONAL LIMITED, | |
| Defendants. | |

O R D E R

This is an action for copyright infringement in violation of 17 U.S.C. § 501, unfair competition in violation of 15 U.S.C. § 1125(a), and unfair competition under Georgia state law. Pending before the court are Surface Imaging International Limited's ("SIIL") motion for entry of default and default judgment against 3Q Technologies, LTD ("3QT") and 3dMD, LLC ("3dMD") [Doc. No. 62]; 3QT and 3dMD's motion for leave to file a late answer to SIIL's Counterclaims [Doc. No. 64]; and Canfield Scientific, Inc. ("Canfield") and SIIL's motion for leave to file a motion for judgment on the pleadings with respect to Counts II and III of the plaintiff's Second Amended Complaint [Doc. No. 65].

As a preliminary matter, the court notes that an inordinate amount of paper has been generated over a fairly simple set of matters. A review of the docket reveals that an entry of default

was never entered by the Clerk of Court. Consequently, neither a "good cause" showing of Federal Rules of Civil Procedure Rule 55(c) nor the "excusable neglect" standard of Rule 60(b) control.

In this case, an entry of default was not made by the Clerk of Court because SIIL did not make such a request. Instead, SIIL chose to "move" for the entry of default and default judgement in a combined motion. SIIL's combined motion reflects a common misconception prevalent among many lawyers. The Clerk of Court makes an entry of default, while the court grants or denies motions for default judgment. The Clerk of Court makes an entry of default pursuant to Rule 55(a). This entry of default is automatic when requested by a party and when the other party has not responded to a complaint. When a request is made to the Clerk of Court for an entry of default, the Clerk of Court makes this entry on the docket. Thereafter, the party seeking a default judgment can ask the clerk to enter a default judgment when the claim is for a sum certain. Rule 55(b)(1). However, if the claim is not for a sum certain, the party seeking a default judgment must file a motion for default judgment with the court. Rule 55(b)(2). Moreover, the fact that an entry of default has been made does not automatically entitle a party to a default judgment.

If SIIL had acted properly and requested the Clerk of Court to make an entry of default, the Clerk of Court would have made this entry of default automatically. Thereafter, 3QT and 3dMD would

have had to show "good cause" pursuant to Rule 55(c) to set aside such an entry. While the showing of "good cause" of Rule 55(c) is a lower burden than the "excusable negligent" standard of Rule 60(b), had SIIL acted properly 3QT and 3dMD would have had to make some showing to set aside the entry of default against them. However, since SIIL did not request the Clerk of Court to make an entry of default and instead made a "motion for entry of default and for default judgment" in a combined motion, no entry of default was made by the Clerk of Court. Consequently, there is nothing for this court to set aside and the court is free to exercise its discretion to decide SIIL's combined "motion for entry of default and default judgment" in this case.

With those basic principles in mind, a review of the parties' pleadings clearly demonstrates that 3QT and 3dMD did not file a timely answer to SIIL's Counterclaim. Therefore, SIIL was within its right to request the clerk to enter default and then seek a default judgment. However, the court does not have to automatically enter an entry of default. A review of the record reveals that 3QT and 3dMD provided this court with a minimally sufficient explanation for their failure to file a timely answer. Specifically, 3QT and 3dMD state that their failure to file a timely answer was the result of a mistake caused by the departure of one of their paralegal assistants. Moreover, 3QT and 3dMD filed their motion to file an answer on the same day as SIIL's motion for

entry of default.  Because both 3QT and 3dMD have indicated their desire to contest SIIL's Counterclaims and have prayed for an opportunity to do so should the court be inclined to grant an order of default, the court exercises its discretion and refuses to enter an order of default at this juncture.  Therefore, the court DENIES SIIL's motion for entry of default and accompanying default judgment [Doc. No. 62] and GRANTS 3QT and 3dMD's motion for leave to file an answer [Doc. No. 64].[1]

Next, the court must examine Canfield and SIIL's motion for leave to file a motion for judgment on the pleadings with respect to Counts II and III of the Second Amended Complaint [Doc. No. 65]. 3QT and 3dMD argue that Canfield and SIIL's motion for leave to file a motion for judgment on the pleadings should be denied because "they waited too long to file their Motion, they assert the wrong pleading standard for Lanham Act claims, and they failed to meet the required burden for obtaining relief under Rule 12(c)." These arguments boil down to two lines of attack-untimeliness and futility.  With regard to the timeliness of the filing of a motion for leave to file a motion for judgment on the pleadings, the court

---

[1] In reaching this decision, the court placed significant emphasis on the strong presumption in the law that favors the adjudication of cases on the merits rather than by default, especially when the party in default demonstrates its willingness and ability to contest the matter on the merits.  Furthermore even if this court would have required 3QT and 3dMD to make a "good cause" showing pursuant to Rule 55(c), the court concludes that the result would have been the same, i.e., the court's decision to resolve this matter on the merits.

4

will exercise its discretion and allow Canfield and SIIL to file such a motion. However, the court will not examine the merits of the motion at this time. In footnote 7 of their response to the motion, 3QT and 3dMD state that if this court allows Canfield and SIIL leave to file a motion for judgment on the pleadings they would like an opportunity to submit a more substantial brief in opposition to said motion. Having fully reviewed the proposed motion for judgment on the pleadings and in light of 3QT and 3dMD's request, the court concludes that a fuller briefing of the issues and arguments presented by Canfield and SIIL's motion for judgment on the pleadings is appropriate.

In conclusion, the court DENIES SIIL's motion for entry of default and default judgment [Doc. No. 62]; GRANTS 3QT and 3dMD's motion to file an untimely answer [Doc. No. 64]; and GRANTS Canfield and SIIL's motion for leave to file a motion for judgment on the pleadings with respect to Counts II and III of 3QT and 3dMD's Second Amended Complaint [Doc. No. 65]. Canfield and SIIL are directed to file and serve their motion for judgment on the pleadings with respect to Counts II and III of the Second Amended Complaint within 7 days of the date this order is docketed. Thereafter, 3QT and 3dMD will have 14 days from the date the motion for judgment on the pleadings is served to file and serve a brief in opposition to said motion. Finally, Canfield and SIIL will have 10 days from the date of 3QT and 3dMD's response is served to file

and serve their reply brief, if necessary.

SO ORDERED, this 8TH day of August, 2006.

_____
ROBERT L. VINING, JR.
Senior United States District Judge